
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MAHADEO PERSAUD,

        Plaintiff,

    -against-

CITY OF NEW YORK,
NEW YORK CITY POLICE
DEPT., HOME DEPOT,
WILFREDO DIAZ,
EUGENE COOPER,
P.O. TAWANA HARVEY,
P.O. ELEASEA KEY,
SGT. PICHARDO MARCO;
JOHN AND JANE DOES, 1-10, ET AL.,

        Defendants.
----------------------------------X

MEMORANDUM
AND ORDER

12-CV-1243 (SJ) (RLM)

APPEARANCES

**VIKRANT PAWAR**
20 Vesey Street
Suite 1210
New York, NY 10007
*Attorney for Plaintiff*

**PATRICK NEIL BEATH**
NYC Law Department
100 Church Street, Room 3-176
New York, NY 10007
*Attorney for Defendants*

1

JOHNSON, Senior District Judge:

Presently before the Court is Plaintiff's motion for reconsideration ("Motion for Reconsideration" or "Motion") of this Court's December 19, 2012 Memorandum and Order ("December 19 Order") granting the City Defendants' motion to dismiss. Based on the submissions of the parties, the oral argument of January 29, 2014, and for the reasons stated below, the motion is DENIED.

## BACKGROUND

Although familiarity with the underlying facts and litigation history can be found in the December 19 Order, a brief description of the case's procedural posture is in order. On March 14, 2012, Mahadeo Persaud ("Plaintiff") filed suit against the City of New York, the New York City Police Department, and others (collectively, "Defendants"), alleging thirteen federal and state law claims for violations of civil rights guaranteed him by the United States Constitution and the Constitution of the State of New York.

The claims stem from an incident, on November 6, 2010, in which Plaintiff was present at a Home Depot store in Queens, New York, where he was detained

2

P-049

for an alleged theft of an item known as a Korky Flapper. Plaintiff alleged false arrest, malicious abuse of process, malicious prosecution, false imprisonment, and negligence against the City Defendants. On October 23, 2012, the City Defendants moved to dismiss all of Plaintiff's claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Plaintiff had failed to state a cause of action for any of his claims.

On December 19, 2012, the Court entered the December 19 Order granting the City Defendants' motion to dismiss. Presently before this Court is the Plaintiff's Motion for Reconsideration.

## DISCUSSION

Local Civil Rule 6.3 governs motions for reconsideration, which are subject to the Court's discretion. Ehrlich v. Inc. Village of Sea Cliff, No. CV 04–4025, 2007 WL 1593241, at *1 (E.D.N.Y. June 1, 2007) (quoting McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir.

3

1995). Thus, a motion for reconsideration is an opportunity, not to repeat arguments that have already been considered by the court, but rather to bring overlooked matters to the court's attention. Id.; see also EEOC v. Fed. Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003) (Garaufis, J.).

Plaintiff argues that the Court should reconsider: (1) the malicious prosecution claim because "there was no probable cause to commence criminal proceedings" against the Plaintiff; and (2) the alleged "fabrication" of certain evidence which "denied Plaintiff the right to a fair trial." Each of these arguments was considered and rejected in the December 19 Order. Plaintiff has not established that the Court overlooked any controlling law or committed clear error in its December 19 Order. Plaintiff makes arguments, each of which largely rehash claims previously made in Plaintiff's opposition to City Defendants' motion to dismiss. The Court fully considered, analyzed, and rejected these arguments in its December 19 Order.

Furthermore, in making his arguments, Plaintiff failed to point to any overlooked or misapprehended facts or law, any new evidence, or anything else that the Court might have overlooked. A motion for reconsideration is not a chance for a party to take a "second bite at the apple." Rafter v. Liddle, 288 Fed.Appx. 768, 769 (2d Cir. 2008) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)).

4

Plaintiff also claims that he "clearly states a constitutional violation" and therefore he has the right to amend the complaint with respect to the Monell claim. This conclusory argument is unavailing, and need not detain us. It is "within the sound discretion of the district court to grant or deny leave to amend." Green v. Mattingly, 585 F.3d 97, 104 (2d Cir. 2009) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)); MHANY Mgmt. Inc. v. County of Nassau, 843 F.Supp.2d 287, 340 (E.D.N.Y. 2012). A court need not grant leave to amend the complaint where the proposed amendment is futile. Forman v. Davis, 371 U.S. 178, 182 (1962). An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis. S.S. Silberblatt, Inc. v. East Harlem Pilot Bock Building 1 Housing Devel. Fund Co., Inc., 608 F.2d 28, 42 (2d Cir. 1979) ("A trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action."). Here, the additional information would be futile as it would fail to cure the complaint.

Accordingly, Plaintiff's motion for reconsideration is DENIED.

P-049

## **CONCLUSION**

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, the Plaintiff's Motion for Reconsideration is DENIED.

SO ORDERED.

Dated: February 7, 2014
Brooklyn, New York

/s/ USDJ JOHNSON
Sterling Johnson, Jr.
Senior U.S.D.J.

6

P-049